UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN MADSEN,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY d/b/a GENESIS<br><br>Defendant. | Case No.<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>OCT 23 2025<br><br>Nathan Ochsner, Clerk of Court<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR WILLFUL AND NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.)**

**JURY DEMAND**

Plaintiff Brian Madsen, proceeding pro se, brings this action against Defendant Columbia Debt Recovery d/b/a Genesis ("Columbia") for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Plaintiff seeks statutory damages, actual damages, punitive damages, and attorney's fees and costs as permitted under 15 U.S.C. § 1681n and § 1681o.

## I. JURISDISCTION AND VENUE

1. This This Court has original jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Katy, Texas, within the Southern District of Texas.

## II. PARTIES

3. Plaintiff, Brian Madsen is an individual residing at 21103 Kelliwood Arbor Ln, Katy, TX 77450, and can be contacted at bjm19811@gmail.com.

4. Defendant Columbia Debt Recovery d/b/a Genesis is a debt collector operating in Texas, furnishing information to consumer reporting agencies, and is subject to the FCRA.

## III. FACTUAL ALLEGATIONS

5. The Fair Credit Reporting Act (FCRA) was enacted to ensure fair and accurate credit reporting, protect consumer privacy, and promote efficiency in the banking system while providing consumers with the means to correct inaccurate or incomplete information. See 15 U.S.C. § 1681(a). Congress recognized the critical role of credit reports in financial decision-making and the potential for harm when such reports contain errors,

necessitating strict obligations on furnishers to investigate and rectify disputes promptly and thoroughly. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).

6. On or around February 19, 2025, Plaintiff received a notification from Experian that a collection account had been improperly placed on his consumer report, triggering significant financial and emotional harm.

7. Plaintiff immediately logged into his Experian.com account and identified a collection account reported by Columbia, designated as Account #412831X, which he did not recognize or authorize.

8. The reported account contained patently false and misleading information, including an erroneous debt amount and status, posing a clear risk to Plaintiff's creditworthiness.

9. Plaintiff promptly disputed the accuracy of this account on Experian.com on February 20, 2025, submitting detailed reasons for the dispute, as evidenced by Exhibit A, a screenshot of the dispute submission.

*(Exhibit A: Screenshot of the Dispute Submission)*



Caption

10. The inaccuracies are of a nature likely to adversely affect credit decisions, as affirmed in Shaw v. Experian Information Solutions, Inc., 891 F.3d 749, 756 (9th Cir. 2018), which underscores the materiality of such errors under the FCRA.

11. On or about March 5, 2025, Plaintiff received a notification from Experian, confirmed by Exhibit B, a screenshot of the response, stating that the disputed debt would remain unchanged despite the evident inaccuracies.

*(Exhibit B: Screenshot of the Response)*

**COLUMBIA DEBT RECOVERY**
Account - 412831X

○ Remains

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

View Current Report >

12. Columbia, as the furnisher, failed to provide Plaintiff with direct written notification of the consumer investigation results, in direct violation of 15 U.S.C. § 1681s-2(b)(1)(E).

13. Due to Columbia's omission, Plaintiff sent a certified letter on March 10, 2025, demanding: (a) account-level documentation under the FCRA; (b) the specific method and procedure used to verify the alleged debt; and (c) a valid chain of assignment proving Columbia's ownership of the debt.

14. Columbia responded on March 20, 2025, with a cursory one-page statement (Exhibit C), which conspicuously omitted any substantive response to Plaintiff's demands, constituting a sham

4

investigation.

*(Exhibit C: Columbia Responded with a Cursory One-Page Statement)*

[Final account statement from The Abbey at Enclave, 1910 Westmead Dr, Houston, TX 77077-4756, addressed to Madsen, Brian, 2006 Fry Rd, Houston, TX 77084-5823. FAS Prepared Date: 03/15/2022, User: Reyes, Emma. Lease Information – Unit 0509: Move-In 09/11/2020, Notice given 12/03/2021, Lease expires 09/10/2021, Move-out 01/03/2022, Move-out reason: Non-renewal of lease.

Ledger Account at move-out:
- Final Drainage - 11/15/21-01/03/22: 3.76
- Final Gas - 11/15/21-01/03/22: 11.20
- Final Service Fee - 11/15/21-01/03/22: 3.00
- Final Service Fee - 11/15/21-01/03/22: 3.00
- Final Water/Sewer - 11/15/21-01/03/22: 65.76
- Balance at move-out: 86.72

Deposit Activities:
- Move to Deposit Ledger: (499.50)
- Total Deposits on hand: (499.50)

Additional charges/credits/payments after move-out:
- Charges For Heavy furniture: 100.00
- Damage Broken window 2nd Bd: 378.43
- Damage Carpet Replacement: 161.46
- Damage Doors (2) Replacement Installs: 220.00
- Damage Tubs: 75.00
- Dry wall Damages wholes and repairs Closet area and living room: 85.00
- Total additional charges / credits / payments: 1,019.89

Final Account balance:
- Balance at move-out: 86.72
- Total Deposits: (499.50)
- Total additional charges / credits / payments: 1,019.89
- Total account balance due: 607.11

Please contact management within 7 days to make payment arrangements. We have photos of your damages on file. If payment arrangements are not made, your account will be turned over to a collection agency.

Onesite - Final account statement : Brian Madsen    Page 1 of 1]

15. The response lacked critical evidence, including account-level documentation or a chain of assignment, rendering Columbia's verification process deficient under Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 431 (4th Cir. 2004).

16. Columbia failed to conduct an independent investigation into Plaintiff's dispute, as required by 15 U.S.C. § 1681s-2(b)(1)(A), instead relying solely on its internal records.

5

17. Such reliance on unverified internal records without independent corroboration violates FCRA standards, as established in Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 616 (6th Cir. 2012).

18. The persistent inaccurate reporting has inflicted severe emotional distress on Plaintiff, including chronic anxiety and sleep deprivation, due to the ongoing threat to his financial stability.

19. Plaintiff has suffered tangible reputational harm, as the erroneous account has been accessible to third-party creditors reviewing his consumer report.

20. Plaintiff has been repeatedly denied credit opportunities, including a critical mortgage application, directly attributable to the inaccurate reporting by Columbia.

21. The false reporting has resulted in a measurable decline in Plaintiff's credit score, estimated at a minimum of 50 points, based on pre-dispute credit monitoring data.

22. Columbia's willful failure to investigate and notify Plaintiff of the investigation outcome supports a claim for willful noncompliance under 15 U.S.C. § 1681n, as articulated in Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007).

23. Plaintiff is entitled to statutory damages of $1,000 per violation under 15 U.S.C. § 1681n(a)(1)(A) for each instance of Columbia's willful noncompliance.

24. Plaintiff seeks actual damages in an amount the Court deems just and proper, not less than $7,500, to compensate for emotional distress and lost credit opportunities.

25. Plaintiff further seeks punitive damages in an amount the Court deems just and proper, not less than $10,000, to deter Columbia's egregious conduct, as authorized by 15 U.S.C. § 1681n(a)(2).

26. Columbia's actions have forced Plaintiff to expend significant time and resources to mitigate the damage to his credit, exacerbating his financial burden.

27. The disputed account remains on Plaintiff's credit report as of October 22, 2025, perpetuating the harm caused by Columbia's negligent and willful misconduct.

28. Plaintiff has no knowledge of any valid debt underlying the reported account, and Columbia has failed to produce any evidence to substantiate its claim.

29. Columbia's inadequate response to Plaintiff's dispute letter demonstrates a reckless disregard for FCRA obligations, justifying enhanced damages.

30. The lack of a thorough investigation by Columbia reflects a pattern of noncompliance with the FCRA, warranting judicial intervention.

31. Plaintiff has preserved all relevant correspondence and exhibits, including Exhibits A, B, and C, to substantiate his claims at trial.

32. Columbia's conduct has unjustly enriched it by allowing continued reporting of an unverified debt, to Plaintiff's detriment.

33. Plaintiff demands a permanent injunction to remove the inaccurate account from his credit report and prevent future reporting, pursuant to 15 U.S.C. § 1681n(c).

34. Columbia's deliberate indifference to Plaintiff's rights under the FCRA necessitates immediate remedial action and substantial damages.

35. The failure to provide a chain of assignment raises serious questions about Columbia's legal authority to report the debt, further undermining its position.

36. Plaintiff's diligent efforts to resolve this matter amicably were met with Columbia's obstinate refusal to comply with federal law.

37. The cumulative effect of Columbia's violations has caused irreparable harm to Plaintiff's credit profile, demanding swift resolution.

38. Columbia's actions constitute a clear breach of its duties under the FCRA, exposing it to liability for all requested relief.

## IV.   CAUSES OF ACTION

**COUNT: VIOLATION OF 15 U.S.C. § 1681s-2(b) – NEGLIGENT AND WILLFUL FAILURE TO INVESTIGATE AND NOTIFY**

39. Columbia violated 15 U.S.C. § 1681s-2(b)(1)(A) and (E) by failing to conduct a proper investigation and notify Plaintiff of the results after Experian's dispute notification.
40. This failure supports claims for statutory damages under 15 U.S.C. § 1681n and actual/punitive damages under 15 U.S.C. § 1681o.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court: a. Enter judgment in favor of Plaintiff and against Columbia for statutory damages of $1,000 per violation; b. Award actual damages of not less than $7,500 for emotional distress and credit harm; c. Award punitive damages of not less than $10,000 to deter future violations; d. Issue a permanent injunction requiring Columbia to remove the inaccurate account and cease reporting; e. Award Plaintiff's costs, including reasonable attorney's fees (despite pro se status, as permitted under 15 U.S.C. § 1681n(a)(3)); and f. Grant such other relief as the Court deems just and proper.

## VI.   JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Brian Madsen

21103 Kelliwood Arbor Ln

Katy, TX 77450

bjm19811@gmail.com

Pro Se Plaintiff

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brian Madsen

### DEFENDANTS
COLUMBIA DEBT RECOVERY d/b/a GENESIS

(b) County of Residence of First Listed Plaintiff: N/A
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: N/A
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
21103 Kelliwood Arbor Ln Katy, TX 77450

Attorneys *(If Known)*
N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation of FCRA

Brief description of cause:
Failure to conduct proper investigation into consumers dispute

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____