UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAN MADSEN<br>*Plaintiff,*<br><br>v.<br><br>COLUMBIA DEBT RECOVERY LLC<br>D/B/A GENESIS<br>*Defendant,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 4:25-CV-5070<br>§<br>§<br>§ |

<u>DEFENDANT, COLUMBIA DEBT RECOVERY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendant, Columbia Debt Recovery, LLC ("Defendant"), by and through counsel, responds to the Complaint of Plaintiff Brian Madsen ("Plaintiff") as follows. Any allegation not expressly admitted is denied.

1. Defendant admits this Court has federal-question jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331. Defendant denies any suggestion that it violated the FCRA.

2. Defendant admits that Plaintiff resides in the Southern District of Texas. Defendant lacks knowledge as to what portion of events "giving rise to the claim" occurred in Katy, Texas, and therefore denies that allegation.

3. Defendant admits Plaintiff resides at the address alleged. Defendant lacks knowledge regarding Plaintiff's email address and therefore denies that allegation to the extent it asserts accuracy.

4. Defendant admits it furnishes information to consumer reporting agencies and conducts business in Texas. Defendant denies any allegation that it violated the FCRA.

5. Defendant admits the quoted purpose of the FCRA speaks for itself. Defendant denies any implication that Defendant violated those obligations.

6. Defendant lacks knowledge of what notifications Plaintiff received from Experian on February 19, 2025, and therefore denies. Defendant admits it reported an account with a number beginning with 412831. Defendant denies the reporting was improper.

7. Defendant admits Plaintiff viewed a Columbia-reported collection account on his Experian consumer report. Defendant lacks knowledge as to whether Plaintiff recognized or authorized the account and therefore denies that allegation.

8. Defendant admits it reported the balance and account status reflected in its records and ACDV responses. Defendant denies that the information was false or misleading.

9. Defendant admits it received an ACDV dispute from Experian around February 2025. Defendant denies any implication that Plaintiff's dispute submission included "detailed reasons," as Defendant only receives information transmitted by the CRA.

10. Defendant denies that the reporting was inaccurate and denies that the cited case law establishes any inaccuracy here.

11. Defendant admits Experian notified Plaintiff that the account would remain unchanged after Experian's investigation. Defendant denies that its investigation was unreasonable or that "evident inaccuracies" existed.

12. Defendant denies that §1681s-2(b)(1)(E) requires a furnisher to notify a consumer directly of investigation results. Defendant denies that it violated that subsection.

13. Defendant admits it received Plaintiff's March 10, 2025 correspondence. Defendant denies that Plaintiff was entitled under the FCRA to the documents and disclosures demanded.

14. Defendant admits it sent Plaintiff a response on or about March 20, 2025. Defendant denies that the response was cursory, a sham, or defective.

15. Defendant denies that it is required to provide chain-of-assignment documents or lease-level supporting records in response to an ACDV.

16. Defendant denies that it failed to conduct an independent investigation and denies any violation of §1681s-2(b)(1)(A).

17. Defendant denies the allegations of Paragraph 17.

18. Defendant lacks knowledge regarding Plaintiff's emotional-distress allegations and therefore denies.

19. Defendant lacks knowledge regarding Plaintiff's alleged reputational harm and therefore denies.

20. Defendant lacks knowledge regarding any alleged credit denials and therefore denies.

21. Defendant lacks knowledge regarding Plaintiff's alleged credit-score decrease and therefore denies.

22. Defendant denies that it willfully failed to investigate or violated §1681n.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies that no valid debt exists. Defendant lacks knowledge regarding Plaintiff's personal awareness of the debt.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits Plaintiff may have retained correspondence. Defendant denies that such documents substantiate Plaintiff's claims.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies entitlement to injunctive relief and denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits it received and responded to an ACDV transmitted by Experian. Defendant denies that it violated 15 U.S.C. §1681s-2(b).

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies that Plaintiff is entitled to any relief requested in the Prayer for Relief.

AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted because he has not plausibly alleged that Defendant furnished inaccurate information or failed to conduct a reasonable investigation under §1681s-2(b).

2. The information Defendant furnished was accurate based on its records, and Plaintiff has not identified any factual inaccuracy attributable to Defendant.

3. Plaintiff cannot prove that he suffered actual damages proximately caused by Defendant's conduct, as required by 15 U.S.C. §1681o.

4. Injunctive relief is unavailable against furnishers under the FCRA, and Plaintiff's requested remedies exceed what §§1681n–o authorize.

5. Any alleged harm was caused by the consumer reporting agencies' actions or other third parties, not by Defendant.

6. Defendant maintained and followed reasonable procedures designed to ensure compliance with §1681s-2(b) and substantially complied with all statutory obligations.

7. Defendant did not act willfully. Any alleged inaccuracy or failure resulted, if at all, from bona fide error notwithstanding procedures reasonably adapted to avoid error.

8. Plaintiff has not alleged a concrete and particularized injury sufficient to establish Article III standing.

9. Any recovery must be offset by any outstanding amounts owed on the underlying account.

## PRAYER FOR RELIEF AND CONSLUSION

Defendant respectfully requests that the Court dismiss the Complaint with prejudice, award Defendant its costs where permitted, and grant such other relief as the Court deems just and proper.

Date:   November 14, 2025

                                                  Respectfully submitted,
                                                  */s/ Keith Wier*
                                                  Keith Wier, Esq.
                                                  Law Offices of Keith Wier, PLLC.
                                                  15150 Preston Road, Suite 300
                                                  Dallas, Texas 75248
                                                  Attorney for Defendant Columbia Debt Recovery, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record who are registered CM/ECF users. As Plaintiff is proceeding pro se, a copy was also served by U.S. Mail as follows:

Brian Madsen
21103 Kelliwood Arbor Ln
Katy, TX 77450

Dated: November 14, 2025

    Respectfully submitted,

    */s/ Keith Wier*
    Keith Wier, Esq.
    Law Offices of Keith Wier, PLLC.
    15150 Preston Road, Suite 300
    Dallas, Texas 75248